In the Matter of Pat YASPARRO a/k/a P.T. Yasparro and a/k/a Pasquale T. Yasparro, Debtor(s).

Bankruptcy No. 87–343.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 4, 1987.

Bernard J. Morse, Tampa, Fla., for debtor.

Stephanie Cates Harman, Tampa, Fla., for movant.

## ORDER VACATING ORDER ON MOTION FOR MODIFICATION OF AUTOMATIC STAY AND GRANTING RELIEF FROM AUTOMATIC STAY

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon a Motion for Rehearing on the Order on the Motion for Modification of Automatic Stay filed by General Electric Credit Corporation (GECC), a creditor in the above-captioned Chapter 11 case. The Motion is addressed to a previous order of this Court which directed the substitute custodian to turn over a certain vessel to the Debtor. Upon reconsideration of the record and arguments of counsel, the Court now finds and concludes as follows:

While it is true that the value of the vessel "Therapy" (described as a 1981 Blue Water, 54 feet in length, hull I.D. No. BT105345M81H) as established by GECC is $140,000.00, that valuation presupposed an ordinary sale in an average market with adequate time for marketing. Considering the evidence presented on the extremely soft market conditions, it is highly questionable whether the vessel could be sold in the current market, as is, for $140,000.00. As it is without dispute that the principal due on the obligation owed to GECC is $120,000.00 together with certain costs and attorney fees, that the current storage charges are $150.00 per month, and that the Debtor currently has no income, this Court is satisfied that due to the Debtor's nominal equity in the vessel, the soft market conditions, and the Debtor's lack of income with which to make adequate protection payments, the Order on Motion for Modification of Stay was entered in error, and it is appropriate to vacate that Order and enter an Order Granting GECC's Motion for Modification of Automatic Stay.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Order on Motion for Modification of the Automatic Stay entered on May 29, 1987 be, and the same is hereby, vacated. It is further

ORDERED, ADJUDGED AND DECREED that GECC's Motion for Modification of Automatic Stay be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the automatic stay be, and the same is hereby, lifted as to the vessel "Therapy" described above for the sole purpose of allowing movant to obtain an in rem judgment against the property and

that the movant shall not seek or obtain an in personam judgment against the Debtor.